**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Case No: 8:12-cv-1379-JSM-EAJ

PASTOR J. ANGULO

    Defendant.

_____

**ORDER ON MOTION TO DISMISS**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 3) and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 6). The Court having considered the motion, response, and being otherwise advised of the premises, concludes that the motion to dismiss should be granted.

**BACKGROUND**

The factual background is drawn from the allegations of Plaintiff's Complaint (Dkt. 1), which the Court accepts as true for the purpose of this motion only.

On June 21, 2012, the United States of America on behalf of the Secretary of the Department of Housing and Urban Development (HUD) brought an action in this Court to quiet title to property and remove clouds created by the Hillsborough County Circuit Court Final Judgment and Certificate of Title held by Defendant, Pastor Angulo. The real property at issue is Unit 4010-B, Building 4 ("property") located in the Cortez of Carrollwood Condominium Inc.

HUD had obtained title pursuant to the National Housing Act, 12 U.S.C. § 1701, et. seq.  On November 4, 2010, HUD recorded its special warranty deed to the property in the Public Records of Hillsborough County, Florida in Official Records Book 20183 at Page 1232.

On March 1, 2011, Cortez of Carrollwood Condominium Association, Inc. ("Carrollwood") filed a lien, purportedly for unpaid condominium assessments against the property. On April 8, 2011, Carrollwood filed a complaint in Hillsborough County Circuit Court seeking damages and to foreclose the lien.  As the sole means of effectuating service on HUD, on April 12, 2011, a copy of the complaint and a twenty-day summons was left with an "Authorized Agent" for HUD in Washington, D.C.

HUD never appeared in the Hillsborough County Circuit Court case, and the state court entered a default against HUD on May 12, 2011. On September 21, 2011, the court entered a final judgment of foreclosure in favor of Carrollwood and against HUD, setting a sale date for October 28, 2011. On December 16, 2011, the Hillsborough County Circuit Court sold the property to Angulo and issued Angulo a certificate of title.  On January 4, 2012, the certificate of title to Angulo was recorded in the Public Records of Hillsborough County, Florida in Official Records Book 20885 at Page 1847.

In the present case, HUD claims that the Hillsborough County Circuit Court had no personal or subject matter jurisdiction to foreclose the lien on property owned by HUD and that it was never properly served.  HUD reasons that because the state court

lacked jurisdiction, the foreclosure judgment and certificate of title are void. HUD, therefore, seeks declaratory relief to quiet title to the property.

Angulo moves for dismissal of the complaint, without a supporting memorandum of legal authority,[1] on five grounds: (1) lack of venue; (2) failure to state a claim upon which relief can be granted; (3) for a more definite statement;[2] (4) for failure to join a required party under Rule 19; and (5) for lack of subject matter jurisdiction. Although the first four bases lack merit, the Court is precluded from exercising subject matter jurisdiction over this action because of the *Rooker-Feldman* doctrine. As such, the motion to dismiss should be granted.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). In order to survive

---

[1] On this basis alone, Angulo's motion is deficient and susceptible to summary denial under Local Rule 3.01(a). *Leedom Fin. Servs., LLC v. Geer & Assocs., P.C.*, 2010 WL 1852395, *2 n.2 (M.D. Fla. May 7, 2010).

[2] Dismissal of a complaint is inappropriate relief for a motion for a more definite statement of a pleading.

a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief' that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

### I. Improper Venue

Federal Rule of Civil Procedure 12(b)(3) provides for a party to assert the defense of improper venue by a motion to dismiss. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." The Middle District of Florida is the proper venue because the property is located in Hillsborough County, Florida, and the cause of action accrued in Hillsborough County, Florida.

Angulo argues federal court is an improper venue; rather, Angulo claims HUD should seek relief in the Florida state court that entered the final foreclosure judgment against HUD, and, if permissible, remove the action to federal court. Angulo confuses the jurisdictional issue with the venue issue. As stated above, the Middle District of Florida is the correct judicial district for venue purposes. Therefore, his motion to dismiss based on improper venue is denied.

### II. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for a party to assert a defense of failure to state a claim upon which relief can be granted in a motion to dismiss. Pursuant

to Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has characterized this pleading requirement as giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierskiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"A plaintiff seeking to quiet title to property or remove a cloud on property must show with clearness, accuracy, and certainty the validity of his or her title and the invalidity of the title of the opposing party." *Rhodes v. JPMorgan Chase Bank, N.A.*, 2012 WL 5411062, *3 (S.D. Fla. Nov. 6, 2012).

Angulo claims that HUD failed to cite any legal authority in the complaint to support its contentions that it was never properly served in the state court foreclosure action, that the state court lacked subject matter jurisdiction, that the state court judgment is void, that Angulo's claim to the property is void, and that HUD is entitled to attorney's fees.

However, there is no requirement under Rule 8 to cite legal authority, only a "short and plain statement of the claim." Ironically, Angulo fails to cite any authority that supports his motion to dismiss for failure to state a claim, a requirement under Local Rule 3.01(a). Moreover, HUD does allege facts with clarity that it has valid title to the property and that Angulo's title is invalid because the state court lacked personal and subject matter jurisdiction, therefore claiming the state court judgment is void. As such,

HUD has sufficiently stated a claim for quiet title and Angulo's motion to dismiss based on failure to state a claim upon which relief can be granted is denied.

### III. More Definite Statement

Federal Rule of Civil Procedure 12(e) provides for "a party to move for a more definite statement of a pleading" when the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, the party moving for the more definite statement must "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Angulo fails to identify any vague or ambiguous allegations in the complaint and fails to request what details are needed to prepare a responsive pleading. Therefore, Angulo's motion for a more definite statement is denied.

### IV. Failure to Join an Indispensable Party

Federal Rule of Civil Procedure 12(b)(7) provides for a party to assert a defense for failure to join a party under Rule 19 in a motion to dismiss. Pursuant to Rule 19(a), the joinder of third parties is required in two instances: (1) where complete relief cannot be afforded without them; or (2) where a non-party claims an interest in the subject matter of the litigation, and that interest may be impaired, or leave an existing party subject to multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1). A party is not indispensable simply because it may be affected by the outcome of the case. *United States v. Triface Investments, LLC*, 2012 WL 4377849, *2 (M.D. Fla. Sept. 25, 2012). "An indispensable party is one whose relationship to the matter in controversy in

a suit in equity is such that no effective decree can be entered without affecting his rights." *Id.* (quoting *Hilton v. Atl. Ref. Co.*, 327 F.2d 217, 218 (5th Cir. 1964)).

Angulo argues that if Carrollwood is not joined, then Carrollwood's interest in the property may be affected without its ability to protect its interests and that Angulo and Carrollwood may be subject to multiple obligations regarding the sale monies and title interests. Angulo's argument is unavailing.

Carrollwood has no present interest in the property and HUD is not seeking any relief from Carrollwood. Rather, Angulo is the sole owner of the property at present; therefore, complete relief can be afforded without joining Carrollwood. It is irrelevant that Angulo desires to seek a refund from Carrollwood if HUD is successful in this present quiet title claim. *Id.* (denying a motion to dismiss for failure to join indispensable parties for nearly identical facts because the condominium association no longer had any present interest in the property, even though defendant claimed it would "throw into question the State Court foreclosure proceeding and amount paid to the Condominium Association for its lien for unpaid assessments"). In sum, Carrollwood is not an indispensable party whose failure to be joined entitles Angulo to dismissal of the case.

**V.    Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for a party to assert a defense for lack of subject matter jurisdiction in a motion to dismiss. Res judicata is an affirmative defense, generally not a basis for dismissal under Rule 12(b)(1). *See* Fed. R. Civ. P. 8(c)(1). Yet, Angulo claims that the state court has exclusive subject matter

jurisdiction over whether its judgment related to the property is void, and that HUD's attempt to have this Court address its claim violates res judicata principles. Angulo argues that an action for quiet title in federal court is inappropriate, arguing that HUD should instead seek relief in state court and then, if permissible, remove to federal court. Angulo cites no authority for such a proposition. However, because of the *Rooker-Feldman* doctrine, the Court must decline to exercise its jurisdiction over the case and instead allow HUD to seek redress in the state court that entered the final judgment of foreclosure against it.

Yet, the state court foreclosure action can never be removed to federal court because derivative jurisdiction requires that the state court properly have subject matter jurisdiction prior to removal. *Cummings v. United States*, 648 F.2d 289, 291 (5th Cir. 1981)[3] (holding that district court properly dismissed claim for quiet title under 28 U.S.C. § 2409(a) for lack of jurisdiction because "upon removal a federal court must dismiss a case that falls within its exclusive jurisdiction if the case was first instituted in, and then removed from, a state court"); *Nelson v. U.S. Sec'y of Hous. & Urban Dev.*, 2011 WL 5357844, * 6 (M.D. Fla. Nov. 4, 2011) (dismissing case because the "[c]ourt's removal jurisdiction is derived from that of state court, and that court had no jurisdiction to hear Plaintiff's claims"). Federal law clearly holds that only federal courts have original subject matter jurisdiction to hear actions for quiet title to property or in which the United

---

[3] *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

States possesses an ownership interest. 28 U.S.C. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."); *see* 28 U.S.C. § 2409(a) (allowing the United States to be named as a defendant in civil actions "to adjudicate a disputed title to real property in which the United States claims an interest" but excluding actions under section 2410); *see also McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir. 1980) ("A state court does not have jurisdiction to decide quiet title actions against the United States); *United States v. Balliet*, 133 F. Supp. 2d 1120, 1126 (W.D. Ark. 2001) ("The Quiet Title Act [or 28 U.S.C. § 2409a] waives the United States' sovereign immunity but vests exclusive subject matter jurisdiction over such suits with the federal district courts.").

In the foreclosure action, HUD possessed an ownership interest in the property, not merely a mortgage or lien. *See* 28 U.S.C. § 2410(a) (waiving the United States' sovereign immunity in an action brought in a district court or state court having jurisdiction of the subject matter – "(1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader [only] with respect to, real or personal property on which the United States *has or claims a mortgage or other lien*." (emphasis added)). Therefore, the state court cannot properly exercise jurisdiction over the foreclosure action.

Res judicata principles also do not preclude federal jurisdiction over this case. "Florida preclusion law requires that the state court have subject matter jurisdiction for

res judicata to apply" and to bar subsequent claims brought in federal court. *Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996); *see Balliet*, 133 F. Supp. 2d at 1126 ("For res judicata to apply, it must be shown that the court entering the final judgment was a court having competent jurisdiction over the subject matter and the parties."). As explained above, the state court clearly did not have jurisdiction over the foreclosure action.

Despite the state court's lack of subject matter jurisdiction, this Court cannot entertain the present action. The *Rooker-Feldman* doctrine precludes a "district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate" based on the Supreme Court's "appellate jurisdiction over state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (internal citation omitted).

> In short, the doctrine holds that federal courts below the Supreme Court must not become a court of appeals for state court decisions. The state court appellant has to find a state court remedy, or obtain relief from the U.S. Supreme Court. The *Rooker-Feldman* doctrine is confined to cases that, like *Rooker* and *Feldman*, were 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and *inviting district court review and rejection of those judgments*.'

*Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195-96 (11th Cir. 2012) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284) (emphasis added in *Vasquez*).

On September 21, 2011, the state court entered a final judgment of foreclosure after default against HUD. On December 29, 2011, the state court issued a certificate of title to Angulo, which was recorded on January 4, 2012. HUD initiated this action on

June 6, 2012, without having sought to vacate the final judgment entered by the state court. As such, this Court is precluded from exercising subject matter jurisdiction over the final state court judgment because it would necessarily have to review and reject the state court judgment which was rendered prior to the commencement of this action.

Therefore, Angulo's motion to dismiss based on lack of subject matter jurisdiction is granted.

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 3) is GRANTED.

2. This case is dismissed.

3. The Clerk is directed to CLOSE this case.

*(signature)*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1379.mtdismiss.docx